**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LARRY WHIDDILL STOVALL,

    Petitioner,                                  Case No. 08-CV-10970
                                                       HONORABLE AVERN COHN

v.

SUSAN DAVIS,

    Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Larry Whiddill Stovall (Petitioner) is a state prisoner incarcerated following convictions of second-degree murder, Mich. Comp. Laws § 750.317, and arson of real property, Mich. Comp. Laws § 750.73. Petitioner filed a *pro se* petition for writ of habeas corpus, raising claims related to his sentence. The Court dismissed the petition for failure to state claims on which habeas relief may be granted. See Order of Dismissal filed March 19, 2008. Petitioner has filed a notice of appeal.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where a petition is

rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

### III.

Petitioner raised two related claims contending that the trial court improperly departed above the sentencing guidelines range of 225 to 375 months or life for the crime of second-degree murder when sentencing him to forty to seventy five years in prison, because the court did not have substantial and compelling reasons for an upward departure. As explained in the March 12, 2008 order, Petitioner's claim failed to state a claim upon which habeas relief may be granted because to the extent he raised an issue of state law, such a claim is not cognizable on habeas review. The Court also

explained that Petitioner has no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations and therefore any error by the trial court in departing above his sentencing guidelines range would not merit habeas relief. Reasonable jurists would not debate these conclusions. Accordingly, a COA is DENIED.

    SO ORDERED.

                        s/Avern Cohn
                        AVERN COHN
                        UNITED STATES DISTRICT JUDGE

Dated: October 24, 2008

I hereby certify that a copy of the foregoing document was mailed to Larry Stovall 601852, Huron Valley Complex - Men's, 3201 Bemis Road, Ypsilanti, MI 48197 and the attorneys of record on this date, October 24, 2008, by electronic and/or ordinary mail.

                        s/Julie Owens
                        Case Manager, (313) 234-5160