UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY STOVALL,

    Petitioner,

v.

SUSAN DAVIS,

    Respondent.
_____/

Case No. 08-10970

HON. AVERN COHN

### ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT (Doc. 14) TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT

I.

This is a habeas case under 28 U.S.C. § 2254 which has long since closed. Before the Court is Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b). For the following reasons, the matter will be transferred to the Court of Appeals for the Sixth Circuit.

II.

In 2008, Petitioner filed a petition for writ of habeas corpus, challenging his 2006 conviction for second-degree murder and arson of real property. The Court dismissed the case for failure to state a claim because Petitioner raised only sentencing issues under state law. (Doc. 4). Petitioner appealed. (Doc. 5). The Sixth Circuit construed the appeal as a request for a certificate of appealability and denied relief. (Doc. 12), Stovall v. Davis, 08-1659 (6th Cir. Jan. 15, 2009).

Now, over seven years later, Petitioner filed the instant motion for relief from judgment under Fed. R. Civ. P. 60(b)(5). Petitioner claims that he is entitled to relief

from judgment based on an intervening change in the law that would support granting relief on his claim that the state judge erred in departing above the sentencing guidelines range. Petitioner points to the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), which extended the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004) and held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt.

III.

A.

As a threshold matter, the Court must determine whether it has jurisdiction to consider the motion. That is, whether Petitioner's motion is a truly a motion under Rule 60(b) or a second or successive habeas petition.

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing under provisions of § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). On the other hand, when a petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the court of appeals for consideration as a second or successive habeas

petition. Id. at 532.

B.

Here, Petitioner's motion for relief from judgment amounts to a second or successive habeas petition because it is based on a substantive change in the law governing a claim that has already been denied on the merits. See Alley v. Bell, 178 F. App'x 538, 542 (6th Cir. 2006). Where a Rule 60(b) motion is determined to be properly a second or successive § 2254 motion, the matter must be transferred to the Sixth Circuit under 28 U.S.C. § 1631. In re Sims, 111 F.3d 45, 47 (6th Cir.1997).

IV.

Accordingly, defendant's motion is re-characterized as a second or successive motion under § 2254 and is TRANSFERRED to the Sixth Circuit under 28 U.S.C. § 1631.

SO ORDERED.

                                                         s/Avern Cohn  
                                                         AVERN COHN  
Dated: February 4, 2016                UNITED STATES DISTRICT JUDGE  
      Detroit, Michigan